Totten, J.,
delivered the opinion of the court.
The case is an indictment, for malicious stabbing: the defendant was tried at the November Term 1850, of the Circuit Court of Jackson, was found guilty and sentenced to two years imprisonment in the penitentiary of the State. He brings the case here on the alledged ground, that the Court improperly refused his motion for a new trial.
This motion rests upon the affidavit of John A. Hall, one of the jury, and the counter affidavit of three others of the jury. The second affidavit of Hall, retracting the principal matter contained in the first, does not differ materially from that of the three jurors, and the facts are substantially these: the evidence being closed, the jury were respited for the night and placed in charge of an officer, with proper injunctions from the Court to keep them together and apart from others : the officer removed them to an upper room and was very careful in the performance of his duty: the jury were together near the fire place, one of them playing on the fiddle; the officer went down for wood or water, and in his absence one Andrew Bowman walked into the room, and on being told by one of the jury to take a seat, he did so, taking a seat on a bed, apart from the jury. There was no other conversation with him — he did not mingle with the jury — when the officer returned, the intruder was immediately removed. For this irregularity, it is insisted by counsel, that a new trial should *171 have been granted, and for authority to support this position, we arfe referred to Hines vs. the State, 8 Hum. Rep. 602.
That case reviews the former cases, and states with perfect distinctness the principles which may be deduced from them; and upon the principles there stated, we are very clearly of opinion, that the present case is not a proper one for a new trial. To preserve the purity of the jury trial, the jurors shall not separate and mingle with others : the fact of separation appearing, the verdict is prima facie vicious, for, it is possible that the juror may have been in improper communication with others, and may have been tampered with. “But this separation,” says Green, Judge, in delivering that opinion, “may be explained by the prosecution, showing that the juror had no communication with other persons, or that such communication was upon subjects foreign to the trial, and that in fact, no impressions, other than those drawn from the testimony, were made upon his mind. In the absence of such explanation, the mere fact of separation is sufficient ground for a new trial,” and the explanation cannot be given by the offending juror. In the present case, there was no separation of the jury, nor were they in fault, as the person intruded himself into their room : he did not mingle or converse with the jury, but occupied a separate position in the room, until the officer came in and removed him. There is not the remotest probability that he had any motive or made any efforts to tamper with any of the jurors : and we do not think, in the circumstances of the case, that we violate any rule of law in refusing a new trial.
Let the judgment be affirmed.